AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA<br>V.<br>GABRIEL DIEGO SENA (1) | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 3:22-CR-00783-TWR<br><br>Daniel W. Cohen<br>Defendant's Attorney |
|---|---|

**USM Number** 05508-506

☐ –

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1-2 of the Superseding Information

☐ was found guilty on count(s)   _____
    after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

**Title and Section / Nature of Offense**                                                                                    **Count**
26:5861(d),5871; 18:924(d) and 28:2461(c), 21:853  Possession Of Unregistered Machinegun;                   1s
21:841(a)(1); 18:924(d) and 28:2461(c), 21:853  Possession Of Methamphetamine With Intent To               2s

The defendant is sentenced as provided in pages 2 through   **5**   of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)   _____

☒ Count(s)   1 of the underlying Information   is   dismissed on the motion of the United States.

☒ Assessment: $200.00 ($100.00 as to each count) imposed
   –

☐ JVTA Assessment*: $
   -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine        ☒ Forfeiture pursuant to order filed   12/1/2022  , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

January 27, 2023
Date of Imposition of Sentence

*/s/ Todd Robinson*

HON. TODD W. ROBINSON
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | GABRIEL DIEGO SENA (1) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 3:22-CR-00783-TWR | |

# **IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

60 months as to each count 1 and 2 to run concurrent for a toal of 60 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
  1. Residential Drug Abuse Program (RDAP)
  2. Designation to a facility in the south western region to participate in RDAP and facilitate family visits.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

  ☐ at _____ A.M. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ on or before

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# **RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____ DEPUTY UNITED STATES MARSHAL

3:22-CR-00783-TWR

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | GABRIEL DIEGO SENA (1) | Judgment - Page **3** of **5** |
| CASE NUMBER: | 3:22-CR-00783-TWR | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
4 years as to each count 1 and 2 to run concurrent for a toal of 4 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | GABRIEL DIEGO SENA (1) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 3:22-CR-00783-TWR | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | GABRIEL DIEGO SENA (1) | Judgment - Page **5** of **5** |
| CASE NUMBER: | 3:22-CR-00783-TWR | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

2. Enroll in and successfully complete a residential drug treatment program as directed by the probation officer.

3. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

4. Submit to a search of person, property, house, residence, office, vehicle, papers, cellular phone, computer, or other electronic communication or data storage devices or media effects, conducted by a United States Probation Officer, or any federal, state, or local law enforcement officer, at any time, without or without a warrant, and with or without reasonable suspicion.  Failure to submit to such a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.

5. Must not associate with any person who you know, or who a probation officer or other law enforcement officer informs you is a Otay criminal street gang member or any other known criminal street gang member or known participant in a criminal street gang, unless given permission by the probation officer.

6. Must not wear, display, use or possess any insignias, photographs, emblems, badges, buttons, caps, hats, jackets, shoes, flags, scarves, bandanas, shirts or other articles of clothing that are known to represent criminal street gang affiliation, association with or membership in the Otay criminal street gang or any other criminal street gang, unless given permission by the probation officer.

7. Must not knowingly loiter, or be present in locations known to be areas where gang members congregate, unless given permission by the probation officer.

8. Must not display any known gang signs or gestures.

//

3:22-CR-00783-TWR



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL DIEGO SENA,<br><br>Defendant. | Case No. 22cr0783-TWR<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the First Superseding Information, the United States sought forfeiture of all right, title and interest in specific properties of Defendant GABRIEL DIEGO SENA ("Defendant"), pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c) as firearms involved in Count 1, and pursuant to Title 21, United States Code, Section 853(a) as properties constituting, or derived from any proceeds the defendant obtained, directly or indirectly, as the result of the offense set forth in Count 2, and any and all properties used or intended to be used in any manner or part to commit and to facilitate the commission of the violation set forth in Count 2 of the First Superseding Information; and

WHEREAS, on or about September 13, 2022, Defendant pled guilty before Magistrate Judge Karen S. Crawford to Counts 1 and 2 of the First Superseding Information, which pleas included consents to the forfeiture allegations of the First Superseding Information and agreement to forfeiture of all properties seized in connection

with the case, including but not limited to the three (3) machine gun conversion kits, including the conversion device determined to be a machine gun; and

WHEREAS, on September 29, 2022, this Court accepted the guilty pleas of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the forfeited properties and the offenses set forth in Counts 1 and 2 to which Defendant has pled guilty; and,

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties pursuant to Title 26 U.S.C. § 5872, Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty plea of the Defendant to Counts 1 and 2 of the First Superseding Information, the United States is hereby authorized to take custody and control of the three (3) machine gun conversion kits, including the conversion device determined to be a machine gun and all right, title, and interest of Defendant GABRIEL DIEGO SENA in them are hereby forfeited to the United States pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2. The aforementioned forfeited assets are to be held by the Bureau of Alcohol, Tobacco, Firearms, and Explosives in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

IT IS SO ORDERED.

DATED: 12/1/22

_____
Honorable Todd W. Robinson
United States District Judge